IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| HOLIDAY SUPERMARKETS , INC., d/b/a SHOP 'N' BAG, | ) ) ) | C O M P L A I N T JURY TRIAL DEMAND |
| Defendants | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rafael Velazquez, Jr., who was adversely affected by such practices. As articulated with greater particularity in paragraph 8 below, the Commission alleges that Defendant Holiday Supermarkets, Inc.d/b/a/ Shop 'N' Bag discriminated against Mr. Velazquez, a qualified individual with a disability, on the basis of his disabilities, when Defendant discharged Mr. Velazquez from his position of maintenance worker. Specifically, the Commission contends that Mr. Velazquez was discharged after Defendant's Supervisor of Retail Operations learned that he had been hired through a referral from the A. P. Orleans Vocational Center, an agency that places persons with disabilities in jobs, and because he is disabled. Because of the discriminatory discharge, Mr. Velazquez suffered backpay losses as well as emotional distress damages.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference  Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 - 5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

<u>PARTIES</u>

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) .

4.      At all relevant times, Defendant, Holiday Supermarkets, Inc. d/b/a Shop 'N Bag (the "Employer") has continuously been a New Jersey corporation doing business in the Commonwealth of Pennsylvania and the City of Philadelphia, and has had at least 15 employees.

5.      At all relevant times, Defendant Employer have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701

(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>STATEMENT OF CLAIMS</u>

7.      More than thirty days prior to the institution of this lawsuit, Rafael Velazquez, Jr. filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least February 2003, Defendant has engaged in unlawful employment practices at its Philadelphia, Pennsylvania Shop 'N' Bag retail food market, in violation of Section of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), by discriminating against Mr. Velazquez because he is developmentally disabled, learning disabled, and suffers from extreme social withdrawal. The unlawful employment practices include the following:

(a) On February 18, 2003, Defendant's Store Manager for the Shop 'N' Bag located at 9910 Frankford Avenue in Philadelphia, Pennsylvania, hired Mr. Velazquez into the position of maintenance worker, through a referral from the A.P. Orleans Vocational Center, an agency that places persons with disabilities in jobs.

(b) Mr. Velazquez, who is developmentally disabled, learning disabled, and socially withdrawn, successfully performed the duties of his position of maintenance worker until February 24, 2003.

(c) On February 24, 2003, while Mr. Velazquez was working at the Frankford Avenue Store, Defendant's Supervisor of Retail Operations, Mr. Hewitt, visited the location, inquired as to the identity of Mr. Velazquez and asked "where he came from."

(d) When he learned that Mr. Velazquez was hired through a referral from the A. P. Orleans Vocational Center, Mr. Hewitt instructed the Store Manager to discharge Mr. Velazquez at the end of his shift that day.

(e)    On February 24, 2003, Mr. Hewitt contacted Connie Labate, Counselor for the A.P. Orleans Vocational Center, and told her "I thought I made it clear to you that I would not hire from you again." Ms. Labate responded that Mr. Hewitt was allowing his experience with a prior disabled individual referred by the Center to prejudice him against Mr. Velazquez, and Mr. Hewitt countered by stating that he could "refuse to hire anyone he wanted."

(f) Mr. Hewitt ordered that Mr. Velazquez be discharged that same day, February 24, 2003, without speaking to him personally.  Mr. Velazquez was not given a reason for his discharge.

9.    The effect of the practices complained of in paragraph 8 above has been to deprive Mr. Velazquez of equal employment opportunities and otherwise adversely affect his  status as an employee, because of his disabilities.

10.    The unlawful employment practices complained of in paragraph 8 above were intentional.

11.    The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Mr. Velazquez.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any  employment practice which discriminates on the basis of disability, including but not limited to failing to hire or

discharging an employee due to the fact that the employee is disabled and was referred from a vocational center.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Mr. Velazquez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.    Order Defendant to make whole Mr. Velazquez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 above in amounts to be determined at trial.

G.    Order Defendant to make whole Mr. Velazquez by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

H.    Order Defendant to pay Mr. Velazquez punitive damages for its malicious and reckless conduct, as described in paragraphs 9 above, in amounts to be determined at trial.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. McNAIR
Regional Attorney


JUDITH A. O'BOYLE
Supervisory Trial Attorney


CYNTHIA A. LOCKE
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683